IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK DODD,<br>     Plaintiff, | )<br>)<br>) | Case No.: |
| v. | )<br>) | JURY DEMANDED |
| GREYHOUND LINES, INC., a Texas<br>corporation, and FIRSTGROUP AMERICA,<br>INC., a Delaware corporation,<br>     Defendants. | )<br>)<br>)<br>)<br>)<br>) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1446 and 1441 and with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, personal jurisdiction, venue, and statute of limitations, Defendants GREYHOUND LINES, INC. and FIRSTGROUP AMERICA, INC., provide this Notice of Removal of this civil action to the United States District Court for the Northern District of Illinois, and respectfully represent that:

1.     On or about February 28, 2018, Plaintiff, PATRICK DODD, commenced an action in the Circuit Court of Cook County, Illinois, captioned PATRICK DODD v. GREYHOUND LINES, INC. and FIRSTGROUP AMERICA, INC., 2018 L 002125. Pursuant to 28 U.S.C. § 1446(a), Plaintiff's Complaint is attached as part of Exhibit "A" to this Notice of Removal.

2.     Plaintiff claims that on January 12, 2018, Defendants' misconduct and negligence resulted in threats against Plaintiff's life and caused injury to Plaintiff's physical and emotional well-being. *See* Complaint at ¶¶ 1-9, attached as Exhibit A. Plaintiff seeks to recover damages for the alleged intentional and negligent acts, including emotional suffering, loss of enjoyment of

4840-3155-9776.1

life, inability to function as a whole person, lost wages, and impaired earning capacity. *Id.* at ¶¶ 63 & 87.

3.     A summons and copy of the Complaint were served on Defendants, on March 13, 2018. Accordingly, this Notice of Removal is timely.

4.     Pursuant to 28 U.S.C. § 1441, Defendant seeks removal of Cook County Circuit Court Case No. 2018 L 002125 to the United States District Court for the Northern District of Illinois, Eastern Division. 28 U.S.C. § 97. As will be shown more fully below, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, a citizen of Tennessee, and Defendants Greyhound Lines, Inc. and Firstgroup America, Inc. Further, the amount in controversy, exclusive of interest and costs, exceeds the requisite sum of $75,000.00. Removal is appropriate as Defendants seeks removal within thirty (30) days after service of Plaintiff's Complaint on Defendant on or about March 13, 2018, and it has been less than one year since this action was originally filed on February 28, 2018. *See* 28 U.S.C. § 1446(b). Accordingly, this action may be removed to this Court.

## DIVERSITY JURISDICTION

### Diversity of Citizenship

5.     The controversy between Plaintiff and Defendants here is a controversy between citizens of different states.

6.     Upon information and belief, Plaintiff, Patrick Dodd, is a resident and citizen of the State of Tennessee.

7.     At all times relevant to this matter, Defendant, Firstgroup America, Inc. was and is a citizen of Delaware and Ohio, as its state of incorporation is Delaware and the location of its principal place of business is at 600 Vine Street, Suite 1400, Cincinnati, OH, 45202. *See*

**Corporation File Detail Report from the Illinois Secretary of State**, attached as Exhibit B. Defendant, Firstgroup America, Inc. was not, at the time of commencement of this action, nor at any time thereafter, a citizen of the State of Illinois.

8. At all times relevant to this matter, Defendant, Greyhound Lines, Inc. was and is a citizen of Delaware and Texas, as its state of incorporation is Delaware, and the location of its principal place of business is at 350 North St. Paul St., Dallas, Texas. **Corporation File Detail Report from the Illinois Secretary of State**, attached as Exhibit C. Defendant Greyhound Lines, Inc. was not, at the time of commencement of this action, nor at any time thereafter, a citizen of the State of Illinois.

9. There are no other parties to this action. There is diversity of citizenship between Plaintiff and Defendants.

<u>**Amount in Controversy**</u>

10. The monetary jurisdictional prerequisite to federal jurisdiction under 28 U.S.C. §1332(a) is satisfied.

11. Plaintiff's Complaint does not specifically identify the amount of damages she seeks to recover in this action. In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Kincaid v. Menard, Inc.*, No. 13 C 7279, 2014 WL 1715503, at *1 (N.D. Ill. April 30, 2014) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kincaid*, 2014 WL 1715503 at *1 (quoting *Oshana*, 472 F.3d at 511).

12.     According to Plaintiff's Complaint, while riding as a passenger on a Greyhound bus traveling from Milwaukee to Chicago, he suffered mental and emotional abuse as a result of verbal threats against his life by a fellow passenger Margarito Vargas-Rosas, a non-party. *See* Compl. at ¶¶ 1-9.

13.     Defendants expressly deny that Defendants are liable to Plaintiff under any theory of recovery.

14.     However, if Plaintiff could recover from any defendant, Defendants estimate in good faith that the amount required to satisfy Plaintiff's demands in full exceeds $75,000, given the damages that Plaintiff is generally seeking in his Complaint. *See Kincaid*, 2014 WL 1715503 at *1 (quoting *Oshana*, 472 F.3d at 511). Defendants estimate that based on this being an emotional distress case, that there is a reasonable probability that the amount in controversy will exceed $75,000.00, based on Defendants collective experience in defending such cases.

15.     Therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties hereto are completely diverse, meaning that no Defendant is a citizen of the same state as Plaintiff, and Defendants estimate in good faith that the amount-in-controversy, exclusive of interest and costs, exceeds the sum of $75,000.

16.     Because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, this action is removable pursuant to 28 U.S.C. § 1441 and subject to 28 U.S.C. § 1446.

17.     As required by 28 U.S.C. § 1446(b), this Joint Notice of Removal is timely filed in this Court within thirty (30) days after service was effected on Defendants.

18.     Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place wherein the removed action was pending: the Circuit Court of Cook County, Illinois.

19.    Pursuant to 28 U.S.C. § 1441, all Defendants consent to the removal of this action.

20.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Joint Notice of Removal, Defendants will give written notice of this filing to all parties and will file a copy of the Notice of Removal and Exhibit A with the Clerk of the Court of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants pray that the above numbered and entitled cause on the docket of the Circuit Court of Cook County, Illinois, be removed from that court to the docket of the United States District Court for the Northern District of Illinois.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

_____

Jordan W. LaClair

Timothy J. Young (ARDC No. 6192231)
Jordan W. LaClair (ARDC No. 6309499)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
(312) 345-1718 Telephone
(312) 345-1778 Facsimile
Tim.Young@lewisbrisbois.com
Jordan.LaClair@lewisbrisbois.com
Attorney for Defendants

4840-3155-9776.1

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2018, I served a copy of the foregoing **NOTICE OF REMOVAL** via electronic filing in the ECF system. I also served a copy by U.S. Mail, first-class, postage prepaid, on the following individuals who may not be in the ECF system:

Alfred K. Murray II
Edelson PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Attorney for Plaintiff

Jordan W. LaClair